IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sherryl Magwood Haselden, | ) | C/A No. 9:10-545–CMC–BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on April 11, 2011. For the reasons set forth below, the court adopts the Report in part as modified herein, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for the purpose of establishing whether other jobs exist in significant numbers in the national economy which Plaintiff can perform with her nonexertional limitations and further proceedings as appropriate.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

1

*Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the

[Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits should be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

On April 11, 2011, the Magistrate Judge issued a detailed Report recommending that the decision of the Commissioner be reversed and the matter remanded for the purpose of obtaining vocational expert testimony to establish whether Plaintiff can perform other work with her nonexertional limitations. Dkt. No. 15 at 7. Defendant filed objections to the Report arguing that, given the facts of this case, a vocational expert was not needed, and that the Magistrate Judge erred in assessing the ALJ's use of the Medical-Vocational Guidelines ("the Grids").[1] For the reasons set forth below, the court adopts the Report in part as modified below and finds that it was error for the ALJ not to consult a vocational resource in determining Plaintiff was not disabled in this case.

**Using the Grids to Direct a Finding.** Defendant argues against adopting the Report in part

---

[1] As the court explained in *Tackett v. Apfel*:
The [Grids] present, in *table form*, a short-hand method for determining the availability and numbers of suitable jobs for a claimant. . . . The [G]rids categorize jobs by their physical-exertional requirements and consist of three separate tables-one for each category: "[m]aximum sustained work capacity limited to sedentary work," "[m]aximum sustained work capacity limited to light work," and "[m]aximum sustained work capacity limited to medium work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00. Each grid presents various combinations of factors relevant to a claimant's ability to find work. The factors in the [G]rids are the claimant's age, education, and work experience. For each combination of these factors, e.g., fifty years old, limited education, and unskilled work experience, the [G]rids direct a finding of either "disabled" or "not disabled" based on the number of jobs in the national economy in that category of physical-exertional requirements. *See id.*
180 F.3d 1094, 1101 (9th Cir. 1999).

because while the Magistrate Judge found it was error for the ALJ to rely on the Grids to make a finding (Dkt. No. 15 at 4-5), the ALJ did not rely on the Grids but merely used them as a framework for his decision-making. Dkt. No. 17 at 4. The court finds that by failing to adequately explain his finding, the ALJ in effect used the Grids to direct a finding of not disabled, which was error in this case.

The ALJ determined that Plaintiff suffers from the severe impairment of substance abuse, rendering her unable to perform any of her past relevant work. Tr. 13. However, the ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of unskilled work at all exertional levels, subject to the nonexertional limitations of being restricted to work involving simple routine, repetitive tasks with only limited social interaction. Tr. 15.

Because the ALJ determined that Plaintiff was unable to perform past relevant work, the burden shifted to the Commissioner to show that other jobs existed in significant numbers in the national economy which Plaintiff could perform. *Pass v. Chater*, 65 F.3d 1200, 1201-03 (4th Cir. 1995). There are situations where an ALJ can use the Grids to meet this burden. *See Hays v. Sullivan*, 907 F.2d 1453, 1458 (4th Cir. 1990) (affirming denial of benefits to claimant where the Grids directed a finding of not disabled). Where a claimant has solely nonexertional limitations, the Grids may only serve as a framework but "do not direct conclusions of disabled or not disabled," especially where the claimant does not have the ability to perform the full range of work activity within a Grid category. SSR 85-15, 1985 WL 56857 (1985); 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h). When a claimant has only nonexertional limitations, the appropriate inquiry is "how much the person's occupational base . . . is reduced by the effects of the nonexertional impairment(s). In many cases, a decisionmaker will need to consult a vocational resource." SSR

85-15, 1985 WL 56857 (1985).

In this case, the ALJ had to consider whether Plaintiff's two nonexertional limitations had any effect on the occupational base of unskilled work as described in the Grids. He made no finding about Plaintiff's simple routine, repetitive tasks limitation and made the conclusory determination that "[t]he limit on claimant's social interaction would not preclude performance of unskilled work, which usually involves working with objects rather than people." Tr. 18. In making this determination he relied solely on one portion of the definition of "unskilled work" from Social Security Ruling 85-15 ("SSR 85-15"). SSR 85-15, 1985 WL 56857 (1985) ("These [unskilled] jobs ordinarily involve dealing primarily with objects, rather than with data or people . . . ."). He ignored the further description of unskilled work in SSR 85-15, which indicates that performance of unskilled work includes, "the abilit[y] (on a sustained basis). . . to respond appropriately to supervision, coworkers and usual work situations." On its face, the limit on Plaintiff's social interaction conflicts with the basic demands of unskilled work as defined in SSR 85-15. However, the ALJ failed to address this in his decision. Therefore, the ALJ erred by (1) failing to make any finding as to how Plaintiff's first limitation might affect the occupational base of unskilled work; and (2) failing to fully address how her second limitation would affect the occupational base of unskilled work.

The ALJ found that Plaintiff is restricted to unskilled work involving simple, routine, repetitive tasks with only limited social interaction. In this situation, remand is required so that the ALJ can fully address how these nonexertional limitations affect the entire occupational base of unskilled work including consultation of a vocational resource as directed by SSR 85-15.

**Relation of Step Three Analysis to Use of the Grids.** Defendant also argues that it was

error for the Report to conclude that the ALJ was precluded from relying on the Grids because of the moderate limitations the ALJ found in his Step Three analysis. Dkt. No. 17 at 5. For the reasons set forth below and in Defendant's objections, the court agrees. *See id.* at 5-6.

The Social Security regulations require that the ALJ consider "the claimant's [RFC], age, education, and work experience in conjunction with the [Grids]." 20 C.F.R. Part 404, Subpart P, Appendix 2. The moderate limitations the ALJ found in his Step Three analysis were used to rate the severity of Plaintiff's mental impairment, which is a separate analysis from the ALJ's assessment of Plaintiff's RFC, considered as part of Steps Four and Five of the ALJ's sequential analysis. The ALJ is required to use his RFC assessment not his Step Three findings in conjunction with the Grids. Therefore, the ALJ's failure to consider the moderate restrictions found at Step Three in conjunction with the Grids was not error.

## CONCLUSION

For the reasons stated above, the court adopts the Report in part as modified herein, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for the purpose of establishing whether other jobs exist in significant numbers in the national economy which Plaintiff can perform with her nonexertional limitations and further proceedings consistent with this order.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 23, 2011